JOHN J. RICE (Bar No. 140865)
ricej@higgslaw.com
**HIGGS FLETCHER & MACK LLP**
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410

Attorneys for Defendant
JAMES JOHN MAHONEY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JAMES JOHN MAHONEY,<br><br>   Defendant. | Case No. 3:23-cr-01118-001-LL<br><br>**DEFENDANT JAMES MAHONEY'S SENTENCING MEMORANDUM**<br><br>Date:   September 5, 2023<br>Time:  10:30 a.m.<br>Dept.:  5D<br>Judge:  Hon. Linda Lopez |

Defendant, JAMES JOHN MAHONEY, by and through his attorney of record, JOHN J. RICE, hereby files his Sentencing Memorandum and Sentencing Request, which is based upon the files and records of this case.

## INTRODUCTION

James Mahoney is a 67-year-old businessman who was born and raised in California. Mr. Mahoney has worked in the securities industry for over 40 years. The instant charges relate to events that occurred over 10 years ago when Mr. Mahoney owned an investor relations firm with his brother Tom Mahoney. At that time, the Securities and Exchange Commission (SEC) had recently changed the rules regarding when firms involved in investor relations could sell stocks they received in exchange

for their promotional services. Stocks received for promotional work could not be free-trading stock but had to be held for a certain period of time before sale. In order to avoid the applicable waiting period, Mr. Mahoney and his brother arranged to receive payment for their services via stocks issued to a consultant who was eligible to sell the shares immediately. Once the shares were sold, they received a portion of the proceeds. Mr. Mahoney regrets his involvement in this activity and has worked assiduously with the government to make up for his behavior.

## **HISTORY AND CHARACTERISTICS OF MR. MAHONEY**

Mr. Mahoney was born and raised in Los Angeles County in a middle-class home. His father struggled with alcoholism and Mr. Mahoney later had his own issues with substance abuse. After graduating from high school, Mr. Mahoney attended community college and then transferred to San Diego State University. Mr. Mahoney earned a bachelor's degree and master's degree from San Diego State. Throughout his education, Mr. Mahoney worked at various part-time jobs to help pay for his schooling.

As a young man, Mr. Mahoney struggled with substance abuse, and this led to his only prior legal issue which resulted in 30-day custody sentence in 1975 for a controlled substance violation. Mr. Mahoney has been proudly sober for 24 years and is actively involved with Alcoholics Anonymous as an attendee and sponsor.

After graduation from San Diego State in 1984, Mr. Mahoney began work as a stockbroker and has worked for several different firms during his career, including Shearson, E.F. Hutton, and Prudential-Bache Securities. At various times, Mr. Mahoney was also a part-owner in companies engaged in public relations for public companies. In relation to his work in the finance industry, Mr. Mahoney attained various qualifications including a designation as a Certified Financial Planner. He also passed several Financial Industry Regulatory Authority (FINRA) securities related exams including the Series 24, the Series 5, and the Series 63 exams. Presently, Mr. Mahoney works as a consultant for Dutchess Capital LLC.

Mr. Mahoney has been happily married for close to twenty years and has no children of his own. His wife has a child from a prior relationship and Mr. Mahoney helped raise his stepdaughter from a young age. Mr. Mahoney continues to have a close relationship with his stepdaughter. In 2018, Mr. Mahoney first learned of the investigation underlying the instant offense and he immediately began to help the government. In light of the nature of the offence, the fact that the conduct occurred in 2013, as well as Mr. Mahoney's exemplary efforts after being contacted by the Government, he is requesting a sentence of one year of probation.

## NATURE OF THE OFFENSE

Due to restrictions imposed by the SEC, the investor relations firm owned by Mr. Mahoney and his brother could not receive payment in free-trading stock (S-8 share); rather, they were limited to payment in restricted stock that had to be held for a certain period of time before it could be traded. In order to avoid this restriction, Mr. Mahoney and his brother arranged to have their investor relations payments be made to a consultant that was helping them in order to allow payment to be made in free-trading S-8 shares. The consultant would then sell the shares and send a portion of the funds to the Mahoney brothers. As a result of this arrangement, the Mahoney brothers received approximately $155,000 in payment from S-8 shares (which should have been paid in restricted shares). The last payment the Mahoney brothers received was in March 2013 – over a decade ago.

Five years later, in 2018, Mr. Mahoney was approached by federal officials about the S-8 share payments. Mr. Mahoney acknowledged that he had violated the securities laws through the payment process he had used in 2013 and accepted responsibility for his actions. No charges were filed against Mr. Mahoney, and he agreed to work with the government agents. Mr. Mahoney agreed to proceed without counsel and entered into a series of statute of limitations waivers. After an extensive period of time during which Mr. Mahoney was in constant contact with the

government, he was told he would need to plead guilty to an Information.[1] Mr. Mahoney then retained counsel and arrangements were made for his plea to the instant charge of conspiracy to commit securities fraud.

## SENTENCING REQUEST

Mr. Mahoney urges the Court to impose a sentence of one year of probation. While Mr. Mahoney acknowledges his guilt and is remorseful for his conduct, it is noteworthy that Mr. Mahoney did the work for which he was paid. His crime was in skirting the rules which prevented him from being paid with free-trading S-8 shares. Notably, this conduct took place over a decade ago. Mr. Mahoney has no other criminal record other than a minor drug offense in 1975.

When Mr. Mahoney was confronted with his transgressions back in 2018, he immediately accepted responsibility for his actions and did everything in his power to make amends for his conduct. (The extent of his efforts will be addressed at the sentencing hearing.) Given the nature of the offense, which did not involve theft of services or property, and the fact that Mr. Mahoney has been working with the government for years to make amends for his actions that took place a decade ago, such a sentence would reflect the seriousness of the offense, promote respect for the law and provide just punishment for Mr. Mahoney. (The adequacy of a probation sentence is bolstered by the fact that while Mr. Mahoney has been actively dealing with this prosecution since 2018, his similarly situated brother, has never faced any consequences for his identical role in the offense.) The ramifications of his actions have affected Mr. Mahoney for the last five years and the penalty he has paid for his attempt to skirt the securities laws will provide significant deterrence to anyone else contemplating similar conduct.

///

---

[1] Mr. Mahoney anticipates that the government will submit a description of Mr. Mahoney's work with the government and counsel will address this issue more extensively at the sentencing hearing.

As to specific deterrence, I would submit that there is no greater proof that Mr. Mahoney learned his lesson than the fact that he has not violated any laws in the ten years since the instant offence; additionally, he has actively worked to prevent others from violating the securities laws. This was an aberrant course of conduct that will not happen again. In sum, a consideration of all of the factors of Section 3553(a) support a probationary sentence in this matter.

The probation officer has recommended a sentence of probation and Mr. Mahoney anticipates that the Government will recommend probation as well.

In sum, Mr. Mahoney has learned a devastating lesson that has upended his life for the last several years. He made a foolish decision to skirt the securities regulations and it has proven to be a very costly one. Mr. Mahoney is on the eve of retirement, and he wants to put this episode behind him and concentrate on being a loving father and dedicated stepfather.

## **CONCLUSION**

For the reasons stated above, Mr. Mahoney asks this Court to impose a sentence of one year of probation.

Dated: August 29, 2023                                **HIGGS FLETCHER & MACK LLP**

/s/ *John J. Rice*
JOHN J. RICE
Attorneys for Defendant
JAMES JOHN MAHONEY